THE STATE EX REL. SCOTT FETZER COMPANY, HALEX DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Scott Fetzer Co., Halex Div. v. Indus. Comm.* (1998), 81 Ohio St.3d 462.]

(No. 95–1545—Submitted March 25, 1998—Decided April 22, 1998.)

464

*Rademaker, Matty, McClelland & Greve, Robert C. McClelland* and *Kirk R. Henrikson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Sandra L. Nimrick,* Assistant Attorney General, for appellee.

***Per Curiam.*** Ohio Adm.Code 4121:1–5–11(D)(6) demands that danger zones on die cast machines be guarded. Former Ohio Adm.Code 4121:1–5–01(B)(17) defines "guarded" as "covered, fenced, railed, enclosed, or otherwise shielded from accidental contact." Fetzer presents three arguments that alternately assert compliance and inapplicability. Upon review, we find none of them persuasive and affirm the judgment of the court of appeals.

Fetzer cites the language "otherwise shielded from accidental contact" and claims that the robotic equipment performed that function by eliminating the need for claimant to be in the danger zone during the operating cycle. This argument fails for two reasons.

First, the protection that Ohio Adm.Code 4121:1–5–11(D)(6) requires is not confined to the machine's "operating cycle." This distinguishes this case from *State ex rel. Aspinwall v. Indus. Comm.* (1988), 40 Ohio St.3d 55, 531 N.E.2d 681, on which Fetzer heavily relies. There, the relevant part of the safety requirement expressly limited protection to the machine's "operating cycle." The provision before us contains no such restriction.

Second, the robotic device prevented accidental contact only while parts were actually being cast. It provided no protection when claimant—as he was often required—entered the danger zone to dislodge a part.

Fetzer also argues that claimant was not entitled to the protection of Ohio Adm.Code 4121:1–5–11(D)(6) because he was the "tender," not the "operator" of the machine. This contention fails as well. Regardless of what Fetzer chose to call claimant, he was actively involved in the machine's operation. Claimant started, inspected, and cleaned the die. He operated the linkage mechanism and set die heights. He oiled the die and checked for defective parts. He was responsible for lodged parts and correcting malfunctions. He was not, therefore, a casual observer with no responsibility for or participation in the machine's function.

Fetzer lastly alleges that claimant has not established the requisite causal relationship because he has not established why the die closed. Fetzer misconstrues the nature of the relevant causal relationship. Claimant was not required to explain precisely how the accident happened. He was required to show only that the machine was not guarded and that the absence of this protection proximately caused his injuries. Claimant has satisfied this burden.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.